**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mi Yon Cheung,

Plaintiff(s),

v.

Safeco Insurance Company of Illinois, et al.,

Defendant(s).

Case No. 2:26-cv-01867-GMN-NJK

**Report and Recommendation**

Pending before the Court is an order for Defendants to show cause why the case should not be remanded. Docket No. 7. Defendants filed a response. Docket No. 11. The undersigned does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that the case be **REMANDED**.

## I. Background

This case involves a dispute regarding underinsured motorist coverage related to a car accident. Defendants removed on diversity grounds. Docket No. 1. The removal petition indicates that Plaintiff identified $31,645.09 in medical expenses, that Plaintiff's recovery is subject to a $25,000 offset for funds already received from the alleged tortfeasor, and that Plaintiff's counsel demanded the policy limits of $100,000 to settle this dispute. *See id.* at 5; *see also* Docket No. 11 at 3-4 (identifying offset amount). The removal petition also references other categories of damages sought in the complaint, as well as the potential for attorney's fees. Docket No. 1 at 5.

## II. Standards

When a case is filed in state court between parties who are citizens of different states and the case value exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be

rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing defendant always has the burden of establishing that removal is proper. *Id.* This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)). If the amount of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing defendant may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In assessing the sufficiency of the showing made, judges may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether the case is removable; judges may also rely on their judicial experience and common sense. *Mader v. Gov. Emps. Ins. Co.*, No. 2:14-cv-01490-APG-PAL, 2014 WL 5017893, at *2 (D. Nev. Oct. 6, 2014).

**III. Analysis**

In assessing the notice of removal and response to the order to show cause, the undersigned concludes that Defendants have not met their burden of establishing a sufficient amount in controversy. Defendants present two central pieces of evidence on the amount in controversy: Plaintiff stating that she incurred $31,645.09 in medical expenses, Docket No. 1-1 at 13-14, and Plaintiff recovering $25,000 from the alleged tortfeasor, Docket No. 11-1 at 2-3. The recovery from the alleged tortfeasor "would have to be considered before [the insurance company defendant] is determined to have breached its contractual duties, and would be an offset against any amount awarded against [the insurance company defendant]." *Mader*, 2014 WL 5017893, at *2. Hence, Defendants' evidence reflects firm damages in the amount of $6,645.09, which is orders of magnitude below the jurisdictional threshold of $75,001.

Nonetheless, Defendants resist remand and attempt to bridge this chasm. First, Defendants note that the complaint also identifies other types of damages that Plaintiff seeks, including emotional distress and other forms of damages. *See* Docket No. 11 at 4-5. The complaint itself does not quantify the amount of damages being sought as to each of these categories; instead, it

lumps them together with medical expenses for an amount "in excess of $15,000." Docket No. 1-1 at 9 (prayer for relief); *see also id.* at ¶ 6 (alleging that the case's collective "amount in controversy exceeds $15,000.00"). Moreover and significantly, Defendants offer no evidentiary support as to the amounts that may be recovered for these categories of damages. The mere identification in the complaint of other types of damages is insufficient for a removing defendant to meet the amount in controversy. *See, e.g.*, *Mader*, 2014 WL 5017893, at *2.[1]

Second, Defendants present Plaintiff's written demand for the policy limit of $100,000. *See* Docket No. 11 at 3; *see also* Docket No. 1-1 at 13-14.[2] "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002). In assessing that issue, courts may look to, *inter alia*, whether the amount demanded "was sufficiently supported by the details of the injuries claimed." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). The demand letter identifies medical expenses incurred, and also refers to emotional distress and recurring pain, but the demand letter does not account for Plaintiff's recovery from the alleged tortfeasor (which brings her outstanding medical expenses down to $6,645.09) and it does not explain with any specificity how the other circumstances identified could warrant a $100,000 settlement with such a miniscule amount of outstanding medical expenses. *See* Docket No. 1-1 at 13-14. Judges in this District routinely reject a removing defendant's reliance on settlement demands in such

---

[1] Defendants reference potential recovery of fees and interest. *See* Docket No. 1 at 5; Docket No. 11 at 4. Neither summary judgment type evidence nor meaningfully developed argument is presented as to how the inclusion of such items in the prayer for relief could establish a sufficient amount in controversy. *But see, e.g.*, *Cayer v. Vons Cos.*, No. 2:15-cv-02387-GMN-NJK, 2017 WL 3115294, at *3 (D. Nev. July 21, 2017) (explaining that for attorney's fees to be considered in the jurisdictional inquiry, the defendant must explain how they would be recoverable and must set forth a reasonable estimate that is not speculative or conclusory).

[2] As a threshold matter, Defendants did not authenticate the demand letter as required for summary-judgment-type evidence, so the Court need not even consider it. *See, e.g.*, *Vasco v. Allstate Fire & Cas. Ins. Co.*, No. 3:18-cv-0076-MMD-VPC, 2018 WL 2459163, at *2 (D. Nev. June 1, 2018). In addition, the demand letter does not actually identify the amount being sought. *See* Docket No. 1-1 at 14 (demanding recovery of unspecified "policy limits"). In some cases, that omission may be significant. *See, e.g.*, *Rojas v. J.B. Hunt Transp. Inc.*, No. 2:25-cv-01196-CDS-NJK, 2025 WL 2280739, at *1 (D. Nev. Aug. 7, 2025) (finding demand for policy limit insufficient when it did not identify that amount and no evidence was provided that the plaintiff knew the policy limit amount). In this case, the Court need not address these issues further because the demand letter fails to show a sufficient amount in controversy at any rate.

circumstances.[3] In one such case, the plaintiff demanded a $100,000 policy limit, but identified $41,000 in medical expenses and had already recovered $25,000 toward that amount, such that $16,000 in medical expenses remained unrecovered. *In Kook Cho v. Met. Grp. Prop. & Cas. Ins. Co.*, No. 2:18-cv-01607-APG-CWH, 2018 WL 4521218, at *2 (D. Nev. Sept. 21, 2018). The Court summarily rejected the removing defendant's reliance on that demand to establish the jurisdictional amount in controversy: "Given the low amount of unpaid medical bills, that settlement demand is not a reasonable estimate of the value of Watson's claims. It plainly was inflated for purposes of negotiating a resolution." *Id.*; *see also, e.g.*, *Krause-Hale v. CSAA Gen. Ins. Co.*, No. 2:22-cv-00184-JCM-DJA, 2022 WL 2132296, at *2 (D. Nev. June 14, 2022) ("Krause-Hale's blanket demand for the policy maximum, despite her medical bills reflecting less than half of that amount, reflects a lack of reasonableness in her estimation of her damages").[4]

In reliance on the undersigned's judicial, legal, and practical experience and common sense, Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000

## IV. Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that the case be **REMANDED**.

Dated: July 17, 2026

Nancy J. Koppe
United States Magistrate Judge

---

[3] Although Defendants' response argues that case law cited in the order to show cause may be distinguishable in some ways, the response notably does not cite to any legal authority finding the jurisdictional showing had been met in circumstances similar to those at issue in this case.

[4] Defendants argue that Plaintiff has not disavowed her policy limit demand, *see, e.g.*, Docket No. 11 at 3, but the undersigned is not persuaded by that argument particularly given the huge disparity between outstanding medical expenses and the demand made, *see, e.g.*, *Cho*, 2018 WL 4521218, at *2 (on order to show cause, finding amount in controversy showing not made given disparity between medical expenses and amount demanded, without addressing whether the plaintiff had disavowed the earlier demand made).

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).